UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PECKHAM,

    Plaintiff,                      CIVIL ACTION NO. 07-12147

v.                                     DISTRICT JUDGE JULIAN ABELE COOK
                                       MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be GRANTED, and that of Defendant DENIED, as there was no substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed an application for Social Security Supplemental Security Income (SSI) benefits on January 22, 2003, alleging that he had become disabled and unable to work on November 1, 1999, at age 48, due to severe back, neck and right shoulder pain as well as mental depression and anxiety. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on May 9, 2005, before Administrative Law Judge (ALJ) Melvyn Kalt. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work offering limited contact with others. The ALJ also found that Plaintiff was unable to use his right arm for work above shoulder level. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have

filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 53 years old at the time of the administrative hearing (TR 206). He had earned the equivalent of a high school education, and had been employed during the relevant past as a fork lift operator and dishwasher (TR 56, 61, 207). As a fork lift operator, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was not required to do much lifting on a regular basis (TR 207).

Plaintiff testified that he was not able to return to work because he experienced severe pain in his neck that radiated into his right shoulder, arms and hips (TR 209). Hand pain and numbness prevented him from properly grasping a telephone or food utensils (TR 209). Plaintiff added that he was unable to sit for prolonged periods. Pain medications proved ineffective and caused him to become "groggy" (TR 211). He often had to lie down several times a day in order to get pain relief (TR 214). The claimant also suffered from mental depression and anxiety (TR 212). As a result of his poor mental condition, Plaintiff stated that he had become anti-social and frequently lost his temper (TR 212-213).

A Vocational Expert, Raymond Dulecki, classified Plaintiff's past fork lift work as light, semi-skilled activity, which did not impart any transferable skills (TR 220). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 220). If he were capable of light work, however, there were numerous unskilled janitorial and grocery stocking jobs that he could perform with minimal vocational adjustment (TR 221). These jobs did not involve overhead use of the right extremity, and

---

[1]The witness opined that claimant's alleged need to lie down due to the side-effects from his pain medications would preclude all work activity (TR 220).

required no forceful grasping or twisting of the hands. The jobs also did not require much interaction with co-workers, supervisors or the general public (TR 221).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative cervical spine disease, right shoulder pain and cognitive deficits, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's was unable to use his right arm for work above shoulder level. The Law Judge also restricted the claimant from jobs requiring frequent contact with co-workers, supervisors and the general public. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff contends that substantial evidence did not exist on the record that he remains capable of performing a limited range of light work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain or mental difficulties.

## DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record supporting the Commissioner's conclusion that Plaintiff could perform a restricted range of light work activity. The medical evidence, as a whole, provided objective support for Plaintiff's allegations of severe functional limitations stemming from his joint pain and mental difficulties.

The parties do not dispute the fact that Plaintiff suffers from severe degenerative cervical disc disease causing upper back, neck and right shoulder pain (TR 174, 181, 200-201). The medical evidence also demonstrated that Plaintiff suffers from cognitive deficits (possible brain damage caused by a 1986 closed head injury) and an antisocial personality

disorder (TR 27, 99, 190). A consultative psychological examination by Dr. Nicholas Bodoin, Ph.D., conducted in October 2003, at the request of the Commissioner, noted that the claimant was angry, hostile and confrontational (TR 188). Significantly, a residual functional capacity evaluation by a state mental health reviewer indicated that Plaintiff was moderately limited in his abilities to understand, remember, and carry out detailed instructions, and to maintain attention and concentration for extended periods. The state agency psychologist also indicated that the claimant was moderately limited in his ability to adapt to changes in the work setting and to interact socially with others (TR 95-97).

Plaintiff's treating physician, Dr. Theodore Engelmann, reported in April 2003, that claimant's degenerative disc disease was "deteriorating" and "not remediable" (TR 175). The doctor stated that Plaintiff's back and shoulder impairments prevented him from standing, walking or sitting for more than two hours each per day. Dr. Engelmann added that the claimant was unable to lift more than five pounds on a regular basis, and that he could not reach, grasp, push, pull, or do fine hand manipulations (TR 175).

The assessment that the claimant was totally and permanently disabled as a result of severe joint pain and mental difficulties was shared by another examining physician, Dr. Todd Best. In a report dated April 18, 2005, Dr. Best concluded that Plaintiff was totally and permanently disabled as a result of chronic neck, back, wrist/hand and right shoulder pain (TR 200). The doctor attached a copy of an April 2005 MRI of claimant's cervical spine to corroborate his opinion that multi-level disc disease prevented Plaintiff from performing most daily activities (TR 201).

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and are entitled to complete deference where, as here, the clinical findings are uncontradicted by substantial medical or other evidence and the opinions are based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Engelmann and Best offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's joint pain and mental difficulties (TR 127-186, 201), their collective opinion that Plaintiff was totally disabled should have been given greater weight than those of two state agency reviewing physicians who only evaluated the medical evidence of record, without the benefit of a personal examination[2] (TR 87-93, 95-97).

The Commissioner faces a heavier burden when denying disability benefits to older claimants. For persons "approaching advanced age" (50-54), the regulations provide that age, in conjunction with a severe impairment and limited work experience, may seriously affect their ability to adjust to significant numbers of jobs in the economy. 20 C.F.R. § 404.1563(d) (2007). In the instant case, the vocational expert stated that Plaintiff's past work did not impart any transferable skills (TR 220). The VE added that the claimant could not return to work if his testimony concerning his functional limitations were

---

[2]A medical advisor's assessment of what other doctors find cannot serve as the basis for a competent evaluation of residual capacity without a personal examination of the claimant. Any opinion of disability from a nonexamining medical advisor is entitled to little weight if it is contrary to the opinion and clinical findings of the treating physician. Sherrill v. Secretary, 757 F.2d 803, 805 (6th Cir. 1985). In the instant case, the state agency doctors who reviewed the medical record on behalf of the Commissioner confirmed that Plaintiff suffered from joint pain and mental difficulties that caused postural limitations, as well as concentration problems, restrictions of daily activities and difficulties in maintaining social function (TR 89, 97).

found to be fully credible (TR 220). Since the medical evidence demonstrated that the claimant was severely impaired as a result of his joint pain and an anti-social personality disorder, the ALJ erred when he rejected claimant's credibility. Given claimant's approaching advanced age, lack of transferable skills and residual functional capacity for light work, there was no substantial evidence to support the determination that he could perform other types of work activity existing in the economy.[3] Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be GRANTED, that of Defendant DENIED, and the instant case be remanded to the Commissioner for a computation of benefits to which claimant is entitled.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

---

[3]The Medical-Vocational Guidelines ("the grid") mandates a finding of "disabled" for persons approaching advanced age, high school education, non-transferable work skills and residual functional capacity for light work activity. (Rule 201.14)

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: October 29, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 29, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 29, 2007. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217