UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PECKHAM,

        Plaintiff,

v.

                                                    Case No. 07-12147

COMMISSIONER OF SOCIAL SECURITY,       Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

On May 18, 2007, the Plaintiff, Charles Peckham, filed a complaint, seeking to obtain a judicial review of an adverse final decision that had been rendered by the Social Security Administration. 42 U.S.C.§ 402(g). This matter was immediately referred to Magistrate Judge Donald Scheer for, *inter alia,* his review and the issuance of a report and recommendation to the Court regarding the merit of the complaint.

On August 10, 2007, Peckham filed a motion for the entry of a summary judgment, in which he contended that this now-challenged adverse administrative decision was not supported by substantial evidence on the record. The Defendant, Commissioner of Social Security ("Commissioner"), after seeking and receiving an extension of time from the Court in which to file a response to this pending motion, filed a similar request for dispositive relief on October 5, 2007. Approximately three weeks later (on October 29, 2007), Magistrate Judge Scheer submitted his report to the Court in which he recommended that Peckham's motion for summary judgment be

1

granted, and, conversely, that the Commissioner's dispositive request be denied.

For the reasons that have been set forth below, the Court will grant Peckham's motion for a summary judgment, and, at the same time, deny the Commissioner's application for a similar form of relief.

I

The underlying cause in this case is based upon an application for Social Security Supplemental Security Income benefits that had been filed by Peckham on January 22, 2003. In his application, Peckham claimed that he was no longer able to work because of his physical and mental disabilities. When this request was rejected, Peckham obtained a *de novo* hearing before an administrative law judge ("ALJ") who subsequently determined that his claimed infirmities did not warrant the requested relief. In his now-challenged decision, the ALJ concluded that Peckham had failed to proffer a sufficiency of evidence which would establish that his physical and mental infirmities had prevented him from performing a limited range of light work. Peckham's effort to obtain an administrative appellate review of the decision by the ALJ decision was unsuccessful. This lawsuit followed.

II

Under 42 U.S.C. § 405(g), final decisions of the Social Security Administration can be reviewed by the Court in order to ensure that they are supported by substantial evidence which, in turn, was evaluated by using the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is deemed to be more than a mere scintilla but less than a preponderance of the proffered proofs. *Kirk v. Secretary*, 667 F. 2d 524, 535 (6th Cir. 1981). It is such relevant evidence as a reasonable mind might accept as being adequate to support a

conclusion. *Id.* Furthermore, the trial courts have been encouraged not to attempt to evaluate the merits of this case on a *de novo* basis, resolve any pronounced conflicts in the evidence, or even try to resolve issues of credibility. *Brainerd v. Secretary*, 889 F. 2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F. 2d 383, 387 (6th Cir. 1984).

III

In his appeal, Peckham maintains that the ALJ had (1) erroneously failed to give proper weight to the medical opinions of his treating physicians and (2) improperly discredited the credibility and quality of his testimony. The Commissioner does not challenge Peckham's assertion that he continues to suffer from a severe degenerative cervical disc disease, which causes him to endure pain in his upper back, neck, and right shoulder. During the hearing, Peckham produced the reports from two physicians, both of whom had personally observed his physical condition and reached the conclusion that he is totally and permanently disabled. However, the ALJ did not accept these medical opinions as being credible. Rather, the ALJ, in making his final determination, rendered a decision that was based upon the opposing diagnoses by a pair of appointed physicians, both of whom found the conclusions by Peckham's treating doctors to be highly questionable.

In 1980, the Sixth Circuit Court of Appeals declared that the opinions of treating physicians should be given greater weight than those of one-time examining physicians who had been retained by the government. *Allen v. Califano*, 613 F. 2d 139, 145 (6th Cir. 1980). Moreover, the lower courts have been advised that the findings of treating physicians are entitled to receive complete deference where their opinions are uncontradicted and supported by detailed clinical and diagnostic evidence. *Harris v. Heckler* 756 F. 2d 431, 435 (6th Cir. 1985). Finally, the medical opinion of

3

a non-examining doctor is only entitled to little weight if it is contrary to the clinical findings of the treating physician. *Sherrill v. Secretary*, 757 F. 2d 803, 805 (6th Cir. 1985).

During the hearing, Peckham established that he, after acquiring a high school education, had worked as a fork lift operator and dishwasher. In his pursuit of disability benefits, Peckham submits that he has been disabled and unable to work since the late months in 1999 because of depression and anxiety, as well as severe pains in his back, neck, right shoulder. He also pointed to (1) his difficulty in grasping things, (2) an inability to sit for prolonged periods of time, (3) the need to lie down several times a day in an effort to get relief from pain, and (4) a tendency to be anti-social and volatile because of his mental condition. Although the ALJ found that Peckham continues to suffer from physical and mental impairments, it was his judicial opinion that these impairments were not sufficiently severe to render him totally and permanently disabled. The conclusion by the ALJ was based largely on several factors; to wit, (1) his doubts about Peckham's credibility while testifying during the hearing, (2) the testimony of a vocational expert who had opined that Peckham could find light work under the right circumstances, and (3) a review of Peckham's medical records by agency physicians who had expressed their belief that the diagnosis of permanent disability by his doctors was incorrect.

In responding to the currently pending motion for summary judgment, the Commissioner takes issue with Peckham's arguments by initially submitting that the ALJ did properly accommodate all of his claims of a mental disability. However, this opposition argument by the Commissioner is contradicted by the evidence in the record which shows that the ALJ relied upon a witness whose testimony regarding Peckham's vocational training prospects was outside of his area of expertise. Secondly and despite the Commissioner's contention to the contrary, the ALJ's

4

expressed concerns about the credibility of Peckham's testimony regarding his physical disabilities is directly rebutted by the weight of the medical evidence on record from his two personal examinations. Finally, it follows that the Commissioner's third contention which advances the view that this case should be remanded for a clarification of the factual issues, is similarly off the mark because all of these matters have been resolved by virtue of the strength of the medical evidence. Furthermore, the record in this cause indicates that Peckham's two treating physicians proffered objective evidence of disabling functional limitations, all of which stemmed from his physical pain and mental problems. Hence, the declaration by the *Allen* court should mandate that the collective finding of total and permanent disability by Peckham's two physicians should have been given greater weight than those of the two state agency reviewing physicians who evaluated the available medical records without the benefit of a personal examination.

There is also another factor which should have been given consideration; namely, Peckham's "advanced" age.[1] The vocational expert testified during the hearing that Peckham's past work experience did not impart any transferrable skills which would enable him to return to his past work. The Medical-Vocational Guidelines mandate a finding of "disabled" for those persons who are approaching advanced age with a high school education, non-transferrable work skills, as well as a residual functional capacity for light work activity. 20 C.F.R. § 404.1563(d).

IV

A review of the record indicates that the ALJ determination (i.e., that Peckham is able to

---

[1] The Social Security Administration defines "advanced age" as 55 or over. Peckham was born on September 14, 1951. As of the date of this order, he is 56 years old. 20 C.F.R. §404.1563(e). During earlier proceedings in this matter (i.e. until he reached 55 years of age), Peckham was "approaching advanced age." This is defined by the Social Security Administration as someone between age 50-54. 20 C.F.R. § 404.1563(d).

perform a limited range of light work activity) is not supported by substantial evidence. The medical evidence as a whole provides objective support for Peckham's claims that he has severe functional limitations because of pain and mental difficulties that prevent him from working.

As such, the Court will, and does, adopt the report and recommendation of the Magistrate Judge in full. Therefore, Peckham's motion for summary judgment is granted, and the Commissioner's request for similar relief is denied. Finally, this case is remanded to the Commissioner of Social Security for a computation of benefits to which Peckham is entitled to receive by virtue of this order.

IT IS SO ORDERED.

Dated: July 7, 2008  
      Detroit, Michigan

s/ Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 7, 2008.

s/ Kay Alford  
Case Manager